# United States District Court
### for the
### Western District of New York

United States of America

v.

Anthony Gerace

_Defendant_

Case No. 19-mj- 5007

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1

Beginning in or before October 2014 and continuing until January 28, 2019, in the Western District of New York, the defendant, **ANTHONY GERACE**, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, violations of Title 21, United States Code, Sections 846, 841(a)(1), and 856(a)(1), committed in the manner described in the attached affidavit, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess firearms. All in violation of Title 18, Untied States Code, Section 924(c)(1)(A)(i).

### COUNT 2

Beginning on or about October 30, 2014, and continuing until August 7, 2018, in the Western District of New York, the defendant, **ANTHONY GERACE**, knowingly made a false statement and representation to the Gun Center, a licensed gun dealer, under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the Gun Center, in that the defendant repeatedly answered "No," in response to question 11.e "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?", when in truth and in fact, and as **ANTHONY GERACE** then and there knew, he was an unlawful user of certain Schedule I and II controlled substances, in violation of Title 18, United States Code, Section 924(a)(1)(A).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

CURTIS RYAN
SPECIAL AGENT
IMMIGRATION AND CUSTOMS ENFORCEMENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  January 28, 2019

_____
*Judge's signature*

City and State:  Buffalo, New York

HONORABLE MICHAEL J. ROEMER
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK         )
COUNTY OF ERIE            )   SS:
CITY OF BUFFALO           )

I, **CURTIS E. RYAN**, being duly sworn, depose and state:

1. I am a Special Agent of Homeland Security Investigations ("HSI"), U.S. Immigration and Customs Enforcement, Department of Homeland Security, and have been so employed since February 2012. I am currently assigned to the HSI Buffalo, New York Border Enforcement Security Taskforce ("BEST"). As a Special Agent, I am a federal law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Sections 841, *et seq*. During my law enforcement career, I have participated in investigations targeting the smuggling, trafficking, and distribution of controlled substances. As part of my employment with HSI, I successfully completed the Federal Law Enforcement Training Center Criminal Investigator Training Program and U.S. Immigration and Customs Enforcement Special Agent Training, both of which included intensive instruction on drug enforcement, including application for and execution of, search and arrest warrants, as well as application for criminal complaints, and other legal process. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold, and used within the framework of drug smuggling and how drug smugglers use other persons and/or their personal property to facilitate their illegal activities. Based on this experience, I am also familiar with language

and terminology used by individuals involved in the use and distribution of controlled substances, including marijuana. I have also investigated the illegal export of firearms and am familiar with the laws regarding their lawful possession. I previously worked as a Special Agent in the Department of Defense and the Department of Justice. I have been employed as a Special Agent since 1999.

2. I make this Affidavit in support of an application for a Criminal Complaint charging **ANTHONY GERACE** with violations of Title 18, United States Code, Sections 924(c)(1)(A) (possession of firearms in furtherance of drug trafficking crimes) and 924(a)(1)(A) (making false statements during the purchase of numerous firearms).

3. This affidavit also establishes that **ANTHONY GERACE** has committed violations of Title 18, United States Code, Sections 1001(a)(2) (false statements) and 922(g)(3) (user of controlled substances in possession of firearms), and Title 21, United States Code, Sections 846, 856(a)(1), and 841(a)(1), as such statutes relate to conspiracy and possession with intent to distribute, and distribution of, controlled substances, and maintaining a premises for use, manufacture, and distribution of controlled substances. This affidavit contains information based on my own personal knowledge as well as information provided by other agents of the FBI, DEA, HSI, ATF, and members of local law enforcement. As it is my purpose to obtain a criminal complaint for which only probable cause is required, I have not included every fact learned during the investigation. Additionally, as I am merely requesting a criminal complaint, this affidavit does not request to charge all violations of federal law which have been discovered as a result of this investigation.

4.      This HSI investigation relates to substantial quantities of marijuana being trafficked from source locations outside of New York State to the Western District of New York, where it is distributed in and around Buffalo, New York, and includes an investigation into distribution of other controlled substances, including fentanyl pills.

5.      This investigation has identified **ANTHONY GERACE** as an individual involved in a conspiracy to possess with intent to distribute, and distribution, of hundreds of pounds of marijuana over a lengthy period of time. This investigation also reveals that **GERACE** is a user of controlled substances, specifically opiate pills, such as the fentanyl pills referenced above, and that **GERACE** has previously purchased multiple firearms after making false statements on numerous federal forms, specifically ATF 4473 forms. A synopsis of information provided by individuals who have proffered with the U.S. Attorney's Office reveals that, historically as far back as before 2010, **GERACE** was involved in distributing substantial quantities of marijuana and that **GERACE** was receiving a half kilogram of cocaine from [an individual federally prosecuted and convicted for cocaine distribution] once a week.

6.      On January 18, 2019, United States Magistrate Judge Michael J. Roemer authorized the search of 9070 Michael Douglas Drive, Clarence Center, New York, including attached garage and curtilage (Case No. 19-M-5002). A copy of the search warrant is attached hereto and incorporated herein by reference as <u>Exhibit A</u>.

7.      The search warrant authorized law enforcement to search for evidence, fruits, and instrumentalities of Title 21, United States Code, Section 841(a)(1), 846, 856(a)(1), and Title 18, United States Code, Sections 924(c)(1) and 922(g)(3).

8.      On January 28, 2019, other members of the investigative team and I executed the search warrant at 9070 Michael Douglas Drive, Clarence Center, New York. The search warrant revealed substantial quantities of marijuana packed into two (2) large hockey bags; THC oils; edible marijuana gummies; and fourteen (14) firearms, to include nine (9) rifles and five (5) handguns. As described further infra, a loaded semi-automatic handgun, in a holster designed for concealed carry, was in the cabinet in the kitchen above the refrigerator. Additionally, another semi-automatic handgun was located in **GERACE**'s bedroom and a magazine with ammunition was in a bag right next to the handgun. In a basement closet, multiple long guns with ammunition were discovered in close proximity to the hockey bags with marijuana, including an AR-15 with a tactical bag with ammunition. Other items of evidence were also recovered during the execution of the search warrant, to include $103,360 in U.S. currency. It should also be noted, drug packaging with white powder residue was found in the pockets of clothing hanging in **GERACE**'s bedroom closet directly beneath where several handguns were located.

## BACKGROUND OF INVESTIGATION

9.      As indicated above, the details in this criminal complaint affidavit will be limited to those necessary to obtain the requested criminal complaint. Information pertaining to this defendant has been derived from multiple sources, toll analysis, subpoenaed records, and evidence obtained as a result of the aforementioned search warrant.

4

10. In April 2017, the FBI and the Erie County Sheriff's Office executed state search warrants at two residences in Amherst, New York. The searches resulted in the seizure of marijuana, various prescription pills, cocaine, 3,4-methylenedioxy-methamphetamine ("MDMA"), and counterfeit Oxycodone pills that were found to contain fentanyl upon subsequent laboratory examination.

11. As part of that operation, Erie County Sheriff's Deputy Adam Day was surveilling the residence while the search warrant was sought on April 18, 2017. While conducting surveillance of the residence, Deputy Day observed a white male enter the residence and then depart a short time later. Deputies Day and Timothy Carney followed the unknown male away from the residence. Deputy Ben Pisa, patrolling in a marked unit, then conducted a traffic stop of the vehicle driven by the white male. The white male was identified as **ANTHONY GERACE**. **GERACE** consented to a search of his vehicle.

12. During the ensuing search of the vehicle, Erie County Sheriff's deputies discovered 21 tablets that appeared to be Oxycodone. The tablets were submitted to the Erie County Central Police Services Forensics Laboratory for examination and were subsequently found to contain fentanyl, a Schedule II controlled substance. The tablets seized pursuant to the consent search of **GERACE**'s vehicle were consistent in appearance with counterfeit Oxycodone tablets seized during the search warrant executed later that day at the residence **GERACE** was seen departing. It should be noted that the residence search pursuant to federal search warrant was not **GERACE**'s residence, but the circumstances indicated **GERACE** likely obtained these pills from the residence Deputy Day was surveilling.

5

13. While 21 tablets is an amount of pills that can be shared and distributed, based upon the circumstances of this investigation, in conjunction with my training and experience, **GERACE**'s possession of these 21 tablets is more consistent with use than with distribution of the tablets. Thus, while this investigation has also revealed **GERACE** distributes significant quantities of controlled substances, for purposes of this complaint and with specific reference to these 21 tablets of fentanyl, I believe **GERACE** obtaining 21 tablets from a residence to which he had access, and which contained a much greater quantity of drugs, is consistent with a drug user obtaining a user quantity of those fentanyl pills. Lab analysis revealed the 21 tablets to contain 6.48 grams of fentanyl.

14. It should be further noted that during the execution of the search warrant at 9070 Michael Douglas Drive on January 28, 2019, the defendant's apparent live-in girlfriend indicated that he was taking Suboxone, a controlled substance, as a means to get off of opiates. This information is consistent with other information developed during the investigation indicating that **GERACE** is an unlawful user of opiate pills and has been for a number of years. This investigation has also revealed information that **GERACE** has used cocaine as far back as 2005 or 2006.

15. On May 2, 2018, the Amherst Police Department conducted a trash pull at 2130 Kensington Avenue, Amherst, New York, then the residence of **GERACE**. Within the trash, the Amherst Police Department discovered a magazine addressed to **ANTHONY GERACE** at that address. Amherst police also discovered an empty plastic bag that looked as if it had once been sealed and then cut open. The label on the bag identified the contents as "Medical Cannabis, Strain White Fire OG" grown in compliance with California law.

6

16. On October 29, 2018, your affiant reviewed records subpoenaed from the Erie County Pistol Permit Department. The records were dated August 28, 2018. The records revealed **ANTHONY GERACE**, residing at his then-address at 2130 Kensington Avenue, Amherst, New York, was issued Erie County Pistol Permit C65531C on October 30, 2014. The permit was restricted to hunting, target shooting, and business protection. **ANTHONY GERACE** had five pistols registered with Erie County: a Glock 26, bearing serial number XKY357, registered on October 30, 2014; a Smith & Wesson BG380, bearing serial number KBF3330, registered on November 17, 2014; a Springfield XDS, bearing serial number S3170938, registered on January 6, 2015; a Sig Sauer 938, bearing serial number 52B213273, registered on August 23, 2016; and a Sig Sauer P365, bearing serial number 66A042102, registered on May 24, 2018.

17. There was no indication in the records that **ANTHONY GERACE** had disposed of any of the pistols or requested any of the pistols be removed from his pistol permit. As part of his application for the permit, **GERACE** submitted answers to a series of questions in an affidavit. In the affidavit, **GERACE** stated his residence was 2130 Kensington Avenue, which was where this investigation confirmed **GERACE** lived prior to moving to the 9070 Michael Douglas Drive, Clarence Center, New York. Question 3 of the affidavit asked, "What provisions have you made to keep weapon secreted in the home, or place of business? Explain:" **GERACE**'s response stated, "I have a full size gun safe in my house and all guns have trigger locks." It should be noted that none of the firearms seized pursuant to the search warrant today, January 28, 2019, were in a gun safe. All of the firearms were located in proximity to ammunition, and there was an AR-15 semi-automatic rifle in tactical bag with ammunition located in the closet with the hockey bags of marijuana, referenced above.

18. On October 30, 2018, your affiant reviewed records subpoenaed from the Gun Center, a firearms store located in the Western District of New York. The records documented four firearms purchases **ANTHONY GERACE** made from the Gun Center. The records included the invoices and ATF Over-the-Counter Firearms Transaction Records for three handguns and one rifle. The records reviewed are those that the Gun Center, a licensed firearm dealer, are required to keep.

19. According to the records, **ANTHONY GERACE** purchased a Glock 26 pistol, bearing serial number XKY357, on October 30, 2014. In response to question 11.e, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" **GERACE** responded, "No." **GERACE** then signed the form, certifying his answers were correct, and acknowledging that making any false statements with respect to the transaction was a crime under Federal law.

20. On November 15, 2014, **ANTHONY GERACE** purchased a Smith & Wesson BG380 pistol, bearing serial number KBF3330, from the Gun Center. **GERACE** answered "No" to question 11.e regarding drug use, and signed the form, certifying the truthfulness of his answers.

21. On August 23, 2016, **ANTHONY GERACE** purchased a Sig Sauer 938 pistol, serial number 52B213273 from the Gun Center. **GERACE** answered "No" to question 11.e regarding drug use, and signed the form, certifying the truthfulness of his answers.

8

22. On August 7, 2018, **ANTHONY GERACE** purchased a Tikka T3X rifle, serial number L89402 from the Gun Center. **GERACE** answered "No" to question 11.e regarding drug use, and signed the form, certifying the truthfulness of his answers.

23. On November 6, 2018, Special Agent William Farnham of the Bureau of Alcohol, Tobacco, Firearms, and Explosives provided an interstate nexus determination for the six firearms listed above. His findings were as follows:

    a. The Glock, model 26-GEN4, 9MM caliber handgun, bearing serial number XKY357 was manufactured in either the state of Georgia or the country of Austria.

    b. The Springfield, model XDS, 9MM caliber handgun, being serial number S3 170938 was manufactured in the State of Massachusetts.

    c. The Springfield, model XDS, 9MM caliber handgun, bearing serial number S3 170938 was manufactured in the country of Croatia.

    d. The Sig Sauer, model 938, 9MM caliber handgun, bearing serial number 52B213273 was manufactured in the State of New Hampshire.

    e. The Sig Sauer, model P365, 9MM caliber handgun, bearing serial number 66A042101 was manufactured in the State of New Hampshire.

    f. The Tikka, Model T3X, .240 caliber rifle, bearing serial number L89402 was manufactured in the country of Finland.

    g. All are firearms as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

    h. None of these firearms were manufactured in the State of New York.

24. It was Special Agent Farnham's opinion that all the above-mentioned firearms would have traveled in, and affected, interstate commerce prior to their sale in the State of New York. Based upon the foregoing, the defendant has committed multiple violations of

Title 18, United States Code, Sections 1001(a)(2) (false statements) and 924(a)(1)(A) (making false statements during purchase of firearms) in relation to the acquisition of firearms.

25.     As referenced above, on January 28, 2019, HSI agents executed the above-described search warrant at 9070 Michael Douglas Drive, Clarence Center, New York. **ANTHONY GERACE** was present along with his live-in girlfriend. During the entry and execution of the search warrant, investigators located the following items:

a. Numerous pounds of marijuana[1];

b. Numerous marijuana gummy edibles (in a large full box);

c. Numerous pens of THC oil cartridges (in a large full box)[2];

d. Five (5) handguns;

e. Nine (9) rifles;

f. Hundreds of rounds of ammunition in various calibers;

g. Three cell phones;

h. $103,360 in U.S. Currency;

i. Evidence of sports gambling; and

j. Other documents indicating control of the premises and financial information.

---

[1] Based upon my observations, training and experience, the substance in the shrink-wrapped bags appeared to be marijuana packaged for bulk distribution. The official count and weight of the marijuana is unavailable as of this writing, but the quantity is substantial and, based upon my training and experience, is consistent with distribution.

[2] The individual plastic containers inside the box contained "pens" used for vaping, and the packaging indicates these items contain THC oil.

10

**WHEREFORE**, based on the foregoing, I respectfully submit probable cause exists that, among other crimes as referenced above, **ANTHONY GERACE** did possess firearms in furtherance of drug trafficking in violation of Title 18, United States Code, Section 924(c)(1)(A), and did make false statements during the purchase of numerous firearms in violation of Title 18, United States Code, Section 924(a)(1)(A).

CURTIS E. RYAN
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
this 28th day of January, 2019.

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge

11

**EXHIBIT A**

AO 93 (Rev. 11/13) Search and Seizure Warrant

# United States District Court
### for the
### Western District of New York

In the Matter of the Search of

9070 Michael Douglas Drive, Clarence Center, New York, including attached garage and curtilage

Case No. 19-M-5002

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:

**See Attachment A, Description Of Premises To Be Searched, attached hereto and incorporated herein by reference as though set forth fully herein.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**See Attachment B, Particular Items to be Seized, attached hereto and incorporated herein by reference as through set forth fully herein.**

All of which are evidence, fruits, and instrumentalities of a violations of Title 21, United States Code, Sections 841(a)(1), 846, 856(a)(1) and Title 18, United States Code, Sections 924(c)(1) and 922(g)(3) and all of which are more particularly described in the application for this warrant which is incorporated herein by reference.

YOU ARE COMMANDED to execute this warrant on or before __February 1, 2019__
*(not to exceed 14 days)*

☒  in the daytime 6:00 a.m. to 10:00 p.m.    ☐  at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Hon. Michael J. Roemer__
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*.   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __January 18, 2019 4:04 pm__    __[signature]__
                                                                                    *Judge's signature*

City and State:  __Buffalo, New York__       HONORABLE MICHAEL J. ROEMER
                                                                UNITED STATES MAGISTRATE JUDGE
                                                                  *Printed name and Title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.:19-M- | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF PREMISES TO BE SEARCHED

The Subject Premises to be searched is a two story, single family residence with an attached garage. The Subject Premises has a redbrick front, black shingle roof, white trim, and black shutters. The number "9070" is present on a tan block to the right of the garage door. The residence has a centrally located front door which can be approached from a sidewalk from the driveway.



## ATTACHMENT B

### SCHEDULE OF ITEMS TO BE SEIZED AND SEARCHED

a. Marijuana or other controlled substances, and drug paraphernalia, including but not limited to scales, measuring devices and weighing devices, diluting or cutting agents, and packing materials.

b. Records, items and documents, whether such documents are stored in documentary or electronic form, reflecting purchases of controlled substances, including credit card receipts, correspondence, and canceled checks.

c. Books, records, receipts, notes, ledgers, airline tickets, money orders and other papers relating to the transportation, ordering, sale and distributions of controlled substances.

d. Firearms, ammunition, currency, financial instruments, keys to safe deposit boxes, precious metals, jewelry and other items of value, proceeds of drug transactions, records and documents of financial transactions relating to obtaining, transferring, secreting or spending of sums of money made from engaging in narcotics trafficking, as well as records and documents relating to real estate transactions.

e. Records of telephone calls contained in billing statements, addresses and telephone numbers in books and papers which reflect names, addresses and telephone numbers related to drug trafficking, photographs regarding drug trafficking and drug trafficking associates.

f. Documents and records regarding the ownership and/or possession of assets possibly obtained using proceeds derived from illegal drug activities.

g. Documents and records regarding the ownership and/or possession of the searched premises.

h. Any lockbox, safe, or vault found on the premises.

i. Cellular telephones, personal computers, tablets, smart cellular telephones, paging devices, beepers, and other communication devices, which may indicate evidence of possession with intent to distribute or distribution of controlled substances. This includes all associated charging devices and manuals.

j. Any cameras or other devices capable of taking photos or videos.

k. During the course of the search, photographs and/or video recordings of the searched premises may also be taken to record the condition thereof and/or the location of items therein.